**FILED**
**Dec 10, 2018**
**09:30 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Michael Womble | ) | Docket No.   2018-08-0022 |
| | ) | |
| v. | ) | State File No. 29188-2017 |
| | ) | |
| Uncle Dave's Auto Repair, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded—Filed December 10, 2018

---

The employee, a tow truck driver, suffered injuries while loading a disabled vehicle for towing. The employer accepted the claim as compensable and provided workers' compensation benefits. Subsequently, the employee was terminated as a result of negative publicity related to the manner in which he handled another towing job. He was placed at maximum medical improvement and moved to Texas for reasons unrelated to his employment. He continued to experience problems related to his work injury, and a physician in Texas authorized by the employer to provide treatment opined the employee was not at maximum medical improvement, needed additional medical care, and was subject to work restrictions. The employee requested temporary disability benefits, which the employer refused to pay, relying on its termination of the employee. The trial court concluded the employee had not violated a workplace policy with respect to his handling of the towing job and was entitled to temporary partial disability benefits. The employer has appealed. We find the evidence preponderates against the trial court's determination that the employee did not violate a workplace policy regarding transporting stranded customers. However, because this error was harmless, we affirm the court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Jared S. Renfroe, Memphis, Tennessee, for the employer-appellant, Uncle Dave's Auto Repair, Inc.

David Gordon, Memphis, Tennessee, for the employee-appellee, Michael Womble

1

## Factual and Procedural Background

Michael Womble ("Employee") was employed by Uncle Dave's Auto Repair, Inc. ("Employer"), as a tow truck driver when he was injured on April 16, 2017. He was hooking up a vehicle to be towed and kicked a tire with his foot and, when he did so, he injured his left knee. Employer provided authorized medical care with Dr. Tyler Cannon, who assigned work restrictions. Employer accommodated the restrictions by providing Employee dispatch work, although he worked fewer hours and at a lower wage. Due to an error by Employer's insurer, Employee received temporary total disability benefits in addition to wages during the time he performed this work.

On June 19, 2017, Dr. Cannon returned Employee to work without restrictions at Employee's request, as Employee believed his knee had healed sufficiently to allow him to perform his duties. Thereafter, Employee responded to a call to tow a disabled vehicle. His wife was riding with him, and there was not enough room in the cab of the tow truck for him, his wife, and the two stranded customers. Employee gave the customers a number of options: they could call an Uber; one customer could ride in the cab of the tow truck and the other could ride in the disabled vehicle on the back of the tow truck or walk; or they could both ride in the disabled vehicle on the back of the truck. They elected the third option and videoed the ride to the location where the vehicle was taken. The customers posted the video online, and it was shown on a local television station.

Employer's owner, David Steward, was unhappy with the negative publicity garnered by the news story and terminated Employee. Both Employee and Mr. Steward agreed there was no written policy regarding customers riding in a vehicle being towed and agreed that permitting customers to do so was not illegal. However, they also agreed that Employer had an unwritten policy instructing tow truck drivers to give preference to customers who wanted to ride in the cab of the tow truck. According to Mr. Steward, the appropriate action for Employee would have been to leave his wife at a safe location while he was completing his call. This portion of Mr. Steward's testimony was undisputed, and Employee acknowledged he was aware of Employer's expectation that customers would be allowed to ride in the cab of the tow truck.

Employee was placed at maximum medical improvement with no work restrictions on July 18, 2017. The following day, he moved to Texas for reasons unrelated to his employment. After reporting ongoing knee problems, Employer provided an authorized physician, Dr. Martin Van Hal, in Texas. Although Employee's Petition for Benefit Determination requested additional medical care recommended by that physician, the parties resolved those issues. However, Dr. Van Hal opined Employee had been placed at maximum medical improvement too soon and assigned work restrictions.

Employee requested temporary disability benefits consistent with Dr. Van Hal's opinion. Employer argued that it had terminated Employee for cause and could have accommodated his work restrictions but for the termination and, therefore, it was not obligated to pay the requested benefits. Employer also argued that, irrespective of the termination, Employee voluntarily moved to Texas for reasons unrelated to the employment and that it could have accommodated the restrictions assigned by Dr. Van Hal.

The trial court concluded that Employer did not have rules or expectations that Employee violated, that Employee's conduct did not justify termination, and that Employee was entitled to temporary partial disability benefits. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

Employer raises three issues on appeal: (1) whether the trial court erred in finding Employer did not have established rules or expectations that Employee violated; (2) whether the trial court erred in finding Employee's conduct did not justify termination; and (3) whether the trial court erred in awarding Employee temporary disability benefits.

An injured worker may be entitled to temporary partial disability benefits when the temporary disability resulting from a work-related injury is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2018). Specifically, "temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Hackney v. Integrity Staffing*

3

*Solutions, Inc.*, No. 2016-01-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *11 (Tenn. Workers' Comp. App. Bd. July 22, 2016).

However, although an employee has a work-related injury for which temporary benefits are payable, an employer remains entitled to enforce workplace rules. *Barrett v. Lithko Contracting, Inc.*, Nos. 2015-06-0186, 2015-06-0188, 2015-06-0189, 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *9 (Tenn. Workers' Comp. App. Bd. June 17, 2016). Thus, an employee's termination due to a violation of a workplace rule may relieve the employer of its obligation to pay temporary disability benefits if the termination was related to the workplace violation. *Shepherd v. Haren Constr. Co., Inc.*, No. 2015-01-0325, 2016 TN Work. Comp. App. Bd. LEXIS 15, at *14 (Tenn. Workers' Comp. App. Bd. Mar. 30, 2016). When addressing such circumstances, courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." *Id.* (citation omitted).

The trial court concluded that, because Employer had no written policy regarding where customers must ride and whether a driver can require them to ride in the vehicle being towed, Employer had not established a workplace rule such that Employee's termination was justified. However, both Mr. Steward and Employee testified that paying customers were to be given priority to ride inside the tow truck. Moreover, Employee has pointed to no authority, and we are aware of none, that requires a workplace rule be written before Employer is entitled to enforce it. Thus, the trial court's conclusion that there was no such policy was error.

Although the trial court erred in finding no policy existed regarding transporting stranded customers, the error was harmless because Employer did not establish that the violation of the policy resulted in Employee's termination. Mr. Steward's testimony was clear that the negative publicity resulting from the video taken by the stranded customers was his primary motivation for terminating Employee. Indeed, there is no evidence that Employee's violation of Employer's policy played any role in the termination. Had the incident in question not resulted in negative publicity for Employer, there is insufficient evidence to allow us to conclude Employee would have been disciplined at all, much less terminated.

Employer also argues that Employee moved to Texas voluntarily for reasons unrelated to his employment. While that is true, it is also true that he had already been terminated by Employer, and whether Employee would have moved had he remained employed is unknown. While Employer could have accommodated the restrictions assigned by the authorized physician but for the termination, it lost the opportunity to do so when it terminated Employee for a reason other than any alleged misconduct. Thus, we affirm the trial court's conclusion that Employer is obligated to pay temporary partial disability benefits.

4

## Conclusion

For the foregoing reasons, we hold that the trial court's conclusion that Employer did not have a workplace policy or expectation regarding transporting customers was harmless error, as there is insufficient evidence Employer terminated Employee for violating a workplace policy. The evidence does not preponderate against the trial court's finding that Employee is entitled to temporary partial disability benefits. Accordingly, the trial court's decision is affirmed, and the case is remanded.



| Michael Womble | ) | Docket No.  2018-08-0022 |
|---|---|---|
| | ) | |
| v. | ) | State File No.  29188-2017 |
| | ) | |
| Uncle Dave's Auto Repair, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of December, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| David Gordon | | | | | X | davidg@davidgordonlaw.com; rachelbass@davidgordonlaw.com |
| Jared S. Renfroe | | | | | X | jrenfroe@spicerfirm.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov